# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2011

No. 10-50128
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO VALLADARES-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-656-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Valladares-Lopez appeals the sentence imposed following
his guilty-plea conviction for illegal reentry of a previously deported alien,
arguing that his sentence is greater than necessary to satisfy the sentencing
goals of 18 U.S.C. § 3553(a) and therefore unreasonable. Specifically, he
contends that U.S.S.G. § 2L1.2 is not empirically based and that his sentence is
greater than necessary because the Sentencing Guidelines account for a prior
conviction both to increase his offense level and to calculate his criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

score.  He also argues that the guidelines range did not properly account for the fact that he reentered this country to work and for the fact that his crime was not a crime of violence.

Because Valladares-Lopez did not raise his empirical data or double-counting arguments in the district court, they are reviewed for plain error.  *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008).  His empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.)*, cert. denied*, 130 S. Ct. 378 (2009); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  We have also previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable.  *See Duarte*, 569 F.3d at 529-31; *see also* U.S.S.G. § 2L1.2, comment. (n.6).

Valladares-Lopez's disagreement with the district court's balancing of the § 3553(a) factors does not suffice to show error in connection with his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Valladares-Lopez has not shown that his sentence is unreasonable, and he has not shown that the presumption of reasonableness should not be applied to his within-guidelines sentence.  *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).  Accordingly, the judgment of the district court is **AFFIRMED.**